# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NADYA GONOPOLSKY,

                    Plaintiff,

-vs-                                                    Case No.  6:06-cv-1857-Orl-28KRS

YULIYA KORCHAK, ALEXANDER
DUBINSKI,  LAFLAT MANAGEMENT,
LLC,

                    Defendants.

_____

## ORDER

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AFTER DEFAULT (Doc. No. 13)** |
| **FILED:** | **May 2, 2007** |

## I.      INTRODUCTION.

        On December 5, 2006, Plaintiff Nadya Gonopolsky filed a five-count complaint against

Yuliya Korchak, Alexander Dubinski, and Laflat Management LLC, alleging civil theft, unjust

enrichment/constructive trust, accounting and constructive trust, breach of contract, and fraud.

Doc. No. 1.  The allegations all involve an oral agreement under which Gonopolsky invested

$120,000.00 in Laflat Management in exchange for a 50% ownership interest in the company.  *Id*.

¶ 11.  Gonopolsky actually invested the money, but did not receive the promised ownership

interest.  *Id*. ¶¶ 12, 13, 15.  The defendants "thereafter withdrew funds from the company's bank

account on which [they] had signatory authority and used the money for Defendants' purposes." *Id*. ¶ 14. Gonopolsky has not received an accounting of the funds spent. *Id*. ¶ 15.

The defendants were all served with process, doc. nos. 6-8, but have not answered the complaint. Accordingly, at Gonopolsky's request, the Clerk of Court entered defaults against each of them. Doc. No. 10. Gonopolsky has now filed the present motion for default judgment. Doc. No. 13. In support of the motion, she filed her own affidavit, doc. no. 13-2, and the affidavit of Diego Handel, Esq., her attorney in this matter, doc. no. 13-3.

## II.       APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil

-2-

Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id*.

## III.    ANALYSIS.

The present motion for default judgment is insufficient because there is no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements for each of the causes of action as to each of the defendants.  Indeed, the only statement regarding entitlement to a default judgment is that "Defendants have in effect admitted the allegations in Plaintiff's complaint . . . [and] [t]hus, entitlement, is not an issue."  Doc. No. 13 at 2.

In a renewed motion for default judgment, Gonopolsky shall also discuss her standing to brings causes of action based on a corporation's alleged mishandling of its money.  *Cf.* Gonopolsky Aff., doc. no. 13-2, ¶ 6 ("Defendants expended approximately $10,258.31 *of the company's funds* from Plaintiff's investment for personal use.") (emphasis added). For example, to establish a cause of action under Florida's civil theft statute, section 772.11, Florida Statutes, the plaintiff must show that she has "a legally recognized property interest in the items stolen." *Balcor Prop. Mgmt., Inc. v. Ahronovitz*, 634 So.2d 277, 279 (Fla. 4th Dist. Ct. App. 1994).

With respect to damages, Gonopolsky must also submit evidence of the amount of damages awardable against each defendant as to each cause of action.  Similarly, with respect to the request for attorney's fees, Gonopolsky must establish the legal authority for such an award and present evidence of the reasonable hourly rate and reasonable number of hours worked by each

-3-

individual for whose work she seeks reimbursement.   *See Norman v. Hous. Auth.*, 836 F.2d 1292 (11th Cir. 1988).

## IV.      CONCLUSION.

For the foregoing reasons, Plaintiff's Motion for Entry of Final Judgment After Default, doc. no. 13, is **DENIED without prejudice**.  Gonopolsky shall have until June 22, 2007, to file a renewed motion that establishes her entitlement to default judgment on each of the claims, and that establishes her entitlement to the relief sought.

**DONE** and **ORDERED** in Orlando, Florida on May 25, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-4-