UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NADYA GONOPOLSKY,

                    Plaintiff,

-vs-                                            Case No.  6:06-cv-1857-Orl-28KRS

YULIYA KORCHAK, ALEXANDER
DUBINSKI,  LAFLAT MANAGEMENT,
LLC,

                    Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| MOTION: | PLAINTIFF'S AMENDED MOTION FOR ENTRY OF FINAL JUDGMENT AFTER DEFAULT (Doc. No. 17) |
| FILED: | June 29, 2007 |

I.    INTRODUCTION.

        On December 5, 2006, Plaintiff Nadya Gonopolsky filed a five-count complaint against

Yuliya Korchak, Alexander Dubinski, and Laflat Management, LLC (Laflat), alleging civil theft,

unjust enrichment, accounting, constructive trust, breach of contract, and fraud.  Doc. No. 1.  This

Court has diversity jurisdiction because Gonopolsky is a citizen of New Jersey, all defendants are

citizens of Florida, and more than $75,000.00 is in controversy.  *See id.* ¶¶ 1-9.

The defendants were all served with process, doc. nos. 6-8, but have not answered the complaint. Accordingly, at Gonopolsky's request, the Clerk of Court entered defaults against each of them. Doc. No. 10. Gonopolsky has now filed the present amended motion for entry of default judgment. Doc. No. 17. In support of the motion she filed her own affidavit. Doc. No. 18-2 (Gonopolsky Aff). She also seeks attorney's fees and costs. Doc. No. 17 at 5.

## II.     APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

### III.      ALLEGATIONS OF THE COMPLAINT.

In February 2006, "the parties entered into an oral agreement wherein [Gonopolsky] was to invest the sum of $120,000.00 in [Laflat] in exchange for a 50% ownership interest in [Laflat]." Doc. No. 1 ¶ 11.  The defendants "agreed to accept the payments from [Gonopolsky] as an investment in the business and were authorized to expend the monies in furtherance of the business."  *Id*.  ¶ 12.  Gonopolsky transferred the $120,000.00 to Laflat, but did not receive any ownership interest in Laflat.  *Id*. ¶¶ 13, 15.  The defendants "thereafter withdrew funds from [Laflat's] bank account on which Defendants had signatory authority and used the money for Defendant's purposes."  *Id*. ¶ 14.  Gonopolsky has not received an accounting of the funds spent. *Id*. ¶ 15.

"In connection with the monies invested by [Gonopolsky] in [Laflat], Defendants made false representations of fact relating to the uses of the monies.  Such false representations consisted of oral and written statements to [Gonopolsky], conduct, or a combination of words and conduct which created a false and misleading impression to [Gonopolsky] as to the uses of the monies." *Id*. ¶ 37.  "The uses of the monies were material facts to which [Gonopolsky], under the circumstances, reasonably attached importance in determining her course of action with regard to the investments."  *Id*. ¶ 38.  "Defendants made these misrepresentations concerning the investments knowing them to be false, or Defendants were aware that they did not know whether they were true or false.  Defendants made these representations concerning the investments with the intent that [Gonopolsky] act in reliance thereon."  *Id*. ¶¶ 39, 40.  Gonopolsky relied on the representations, and suffered loss of a "substantial sum."  *Id.* ¶¶ 41, 42.

IV.    **ANALYSIS.**

In the present motion, Gonopolsky "dismisses her claim under Florida civil theft statute, Fla. Stat. § 772.11." Doc. No. 17 at 2.  Accordingly, the remaining causes of action include unjust enrichment, accounting, breach of contract, and fraud.  All of these causes of action are based on state law, and therefore will be addressed under Florida law.

A.    *Breach of Contract.*

"The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d Dist. Ct. App. 2006) (internal citations omitted).

Here, the complaint alleges that Gonopolsky entered into a contract with the defendants to invest $120,000.00 in Laflat in exchange for a 50% ownership interest in Laflat.  Gonopolsky transferred the $120,000.00, which the defendants received, but Gonopolsky did not receive her 50% ownership interest.  This damaged Gonopolsky. These allegations, which are deemed admitted, are sufficient to establish that the defendants breached their contract with Gonopolsky.

As damages, Gonopolsky seeks the "$120,000.00 invested." Doc. No. 17 at 3.  This is, essentially, an election of rescission or restitution damages.  Under Florida law, a plaintiff may elect rescission or restitution damages when, as here, the breach by the defendants was such an essential part of the bargain that failure to deliver the agreed upon shares in Laflat destroyed the entire contract.  *See Steak House, Inc. v. Barnett*, 65 So. 2d 736, 737-38 (Fla. 1953). Accordingly, I recommend that a default judgment be entered against the defendants as to the

cause of action in Count One of the complaint, and that the Court award Gonopolsky $120,000.00.

   *B.   Equitable Causes of Action.*

   Gonopolsky pleaded three equitable causes of action: unjust enrichment, accounting and constructive trust.  Having recommended that Gonopolsky receive all of the damages she seeks in connection with the breach of contract claim, no entitlement to additional damages under the equitable theories is sought or warranted.  *Cf. Ocean Communications, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th Dist. Ct. App. 2007)("[A] plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.").  Therefore, I recommend that the motion for default judgment as to these causes of action be denied.

   C.      *Fraud.*

   Under Florida's economic loss rule, "a party may not recover damages for both breach of contract and fraud unless the party first establishes that the damages arising from the fraud are separate or distinguishable from the damages arising from the breach of contract."  *See Williams v. Peak Resorts Int'l, Inc.*, 676 So. 2d 513, 517 (5th Dist. Ct. App. 1996).  In her complaint, Gonopolsky alleges that the fraud occurred "relating to the use of the monies invested," rather than that the fraud induced her to enter into the contract.  Accordingly, the allegations of the complaint are insufficient to establish that the damages arising from fraud are separate or distinguishable from the damage arising from the breach of contract.  Moreover, Gonopolsky does not seek damages arising from the fraud claim other than return of her $120,000.00 investment.  Therefore, I recommend that the motion for default judgment on the fraud cause of action be denied.

**V.      RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that Plaintiff's Amended Motion for Entry of Final Judgment After Default, doc. no. 17, be **GRANTED in part**.  I recommend that the Court enter default judgment against Korchak, Dubinski, and Laflat Management, LLC on the breach of contract cause of action and order the defendants, jointly and severally, to pay Gonopolsky damages in the amount of $120,000.00.  I recommend that the motion be **DENIED** in all other respects.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 17, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy